UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

BENNIE HARDING,                           :

             Plaintiff,           :     12 Civ. 66 (DAB)(HBP)

  -against-                                :     OPINION
                                   AND ORDER
PARAMOUNT PICTURES and                    :
VIACOM INC.,
                                    :

             Defendants.
                                    :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       By a motion dated March 3, 2012, plaintiff moves for pro bono counsel[1] (Docket Item 10). For the reasons set forth below, the motion is denied.

       The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

ity of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the

ity of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the

>court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

By a Report and Recommendation dated January 16, 2013, I recommended that summary judgment be granted dismissing the complaint.  As explained in the Report and Recommendation, plaintiff alleges that he appeared in a motion picture entitled The Warriors, produced in 1978, and that his likeness was subsequently used without his permission in an animated video game that was based on the motion picture.  For the reasons set forth in the Report and Recommendation, plaintiff's claim is fatally flawed in several respects.  First, it is barred by the doctrine of <u>res judiciata</u>.  Second, I have compared the image of plaintiff as it appears in the motion picture with the image in the video game that plaintiff claims is his likeness and concluded that no reasonable person could conclude that the two images depict the same individual.  Plaintiff's face is substantially different from the animated character in the video game.

Because plaintiff's claim lacks merit, no useful purpose would be served by adding plaintiff's case to the list of cases considered by the Court's Pro Bono Panel.  Accordingly,

plaintiff's motion for pro bono counsel is denied and the Clerk of the Court s directed to mark Docket Item 10 as "closed."

Dated:  New York, New York
        January 17, 2013

                                          SO ORDERED

                                          /s/ Henry Pitman
                                          _____
                                          HENRY PITMAN
                                          United States Magistrate Judge

Copies transmitted to:

Mr. Bennie Harding
272 Central St.
Rockland, Massachusetts  02370

Peter Ostrovski, Esq.
Sean-Francis Kane, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York  10036