UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BENNIE HARDING,

                Plaintiff,         12 Civ. 66 (DAB)
                                                          ADOPTION OF REPORT
        v.                         AND RECOMMENDATION

PARAMOUNT PICTURES and VIACOM INC.,

                Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     On January 16, 2013, United States Magistrate Judge Henry Pitman issued a Report and Recommendation ("Report") recommending that Defendants Paramount Pictures ("Paramount") and Viacom Inc.'s ("Viacom") (collectively, the "Defendants") Motion for Summary Judgment be GRANTED.[1]  For the reasons set forth below, the Court having conducted the appropriate levels of review following Plaintiff's Objections, the Report and Recommendation of Magistrate Judge Pitman dated January 16, 2013 shall be adopted in its entirety.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment.

     A judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions,

---

[1] On September 26, 2012, Magistrate Judge Pitman notified Parties that the Court would treat Defendants' Motion, initially filed as a motion pursuant to Rule 12(b)(6), as a Motion for Summary Judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure because Plaintiff and Defendants submitted material that went beyond the Complaint.

including a motion for summary judgment or a motion to dismiss. 28 U.S.C. § 636(b)(1)(B); accord Fed. R. Civ. P. 72(b)(1). "Within fourteen days after being served with a copy [of a magistrate judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). A court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks omitted); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). After conducting the appropriate

levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted)).

Plaintiff filed timely Objections to the Report. The Report recommends that the Court grant summary judgment in favor of Defendants on grounds of res judicata. (Report 12-22.) In the alternative, the Report recommends summary judgment because the contract did not impose any obligation beyond paying Plaintiff $225 for each day he spent filming, and even if there was an obligation for Defendants to pay Plaintiff for the use of his

3

likeness, there was no resemblance between Plaintiff and the video game character. (Report 22-28.) Although Plaintiff's Objection expresses his belief that there was a contract that did not permit the use of his likeness in the video game, he does not specifically address or rebut the Report's findings regarding res judicata, contract interpretation, and Plaintiff's resemblance to the video game character. Instead, he merely reiterates his previous arguments when he argues that the contract does not permit Defendants' use of his likeness and that he was not an extra.[2] (Report 24; Dkt. # 26, at 3; Compl. ¶ 34.)

Plaintiff's Objections are insufficient to trigger de novo review of the Report. The Court therefore reviews the Report for clear error. Having found none, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation of United States Magistrate Judge Henry Pitman, dated January 16, 2013, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety. This action is hereby DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

---

[2] In his Objection, Plaintiff submits two photographs to demonstrate his likeness to the video game character. One photograph was previously submitted. (Dkt. # 26.) The other was from a high school class photograph taken in 1975, and it immaterial because Plaintiff previously submitted twelve pages of photographs to demonstrate his likeness and the film at issue was shot in 1978.

4

that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    New York, New York
          March 28, 2013

*Deborah A. Batts*
Deborah A. Batts
United States District Judge